THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SARA A. HIGBEE, ) | | Case No.   1:14CV00064 |
| Plaintiff,    ) | | |
| vs.    ) | | |
| ) | | MEMORANDUM DECISION |
| CAROLYN W. COLVIN,    ) | | |
| Acting Commissioner Social | | AND ORDER |
| Security Administration,    ) | | |
| ) | | |
| Defendant.    ) | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  INTRODUCTION

Plaintiff Sara A. Higbee filed applications for Social Security benefits alleging a disability beginning on December 20, 2010.  She was 32 years old at the alleged onset date. Her applications were denied initially and on reconsideration.  After an administrative hearing, an administrative law judge ("ALJ") concluded at step four of the five-part sequential evaluation process[1], that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Ms. Higbee was not disabled for purposes of the Social Security Act because with her residual functional capacity, age, educations, and work experience, she could perform other jobs existing in significant numbers in the national economy.  Plaintiff's request for review was denied by the Appeals Council.

---

[1] *See* 20 C.F.R. § 416.920.  *See also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988)

Ms. Higbee now seeks judicial review of the decision of the Commissioner of Social Security denying her claim for benefits.  She contends that the ALJ erred in that: (1) his held RFC limitation that Plaintiff will be off task up to 15% of the workday is not based on substantial evidence;  (2) his RFC determination and corresponding hypothetical do not incorporate mental limitations indicated by the state agency physicians, the consultative evaluator Dr. DeBarard and Plaintiff's treating psychologist Dr. Johns; (3) he failed to properly weigh opinion evidence from consultative psychologist Dr. DeBarard; and (4) he failed to properly determine and resolve discrepancies between the testimony of the vocational expert and the DOT.

## II.  STANDARD OF REVIEW

The Court reviews the ALJ's decision only to determine if the factual findings are supported by substantial evidence and if he applied the correct legal standards.  *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995).  Substantial evidence is "more than a mere scintilla," and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  The Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

## III.  DISCUSSION

### A.  The limitation of being off-task not greater than 15% of a workday

Ms. Higbee asserts that the ALJ's inclusion in his RFC determination that she will be off task up to 15% of the workday is not supported by substantial evidence.  The

Commissioner concedes that no medical provider opined that she would be off-task for up to 15% of a workday. However, because the ALJ included a limitation that no provider opined that she experienced, and which imposes a greater physical limitation than otherwise is reflected in the evidence, the Court agrees with Commissioner that the limitation was in Plaintiff's favor and it is harmless error. *See Wallick v. Astrue*, No. 06-1346 MLB, 2007 WL 4239463, at *5 (D. Kan. Oct. 9, 2009)(unpublished)("[a]lthough the additional limitations found by the ALJ are not contained in either state agency assessment, and the ALJ fails to explain the basis for these additional limitations, the court finds that this failure by the ALJ is harmless error because these additional limitations are to plaintiff's benefit").

### B. Mental limitations

Ms. Higbee contends that the ALJ in the RFC and corresponding hypothetical, without explanation, did not incorporate mental limitations indicated by the state agency physicians, the consultative evaluator Dr. DeBarard and her treating psychologist Dr. Johns.

### 1. State agency psychologists

Plaintiff complains that there are significant limitations indicated by the State agency psychologists[2] that the ALJ did not incorporate into his hypothetical question to the

---

[2]After performing an assessment of Plaintiff's mental limitations, the State agency psychologists found that she experiences moderate limitations in her ability to: (1) carry out detailed instructions, (2) maintain attention and concentration for extended periods, (3) work in coordination with or in proximity to others without being distracted by them, (4) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and (5) interact appropriately with the general public. Tr. 134-35, 148-49.

vocational expert, "specifically, the moderate limitation to being able to work in coordination with or in proximity to others without being distracted by them, and the moderate limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without and [sic] unreasonable number and length of rest periods." Op. Br. at 13-14.  Plaintiff contends that although the ALJ included limitations regarding her ability to respond appropriately to others in the workplace, he only found that such limitation restricts her to occasional job-related contact with the general public, contrary to the assessment of the State agency physicians and Dr. Johns.[3]  Plaintiff argues that "[b]ecause these significant limitations were not properly accounted for by the ALJ, the Commissioner cannot carry [his] burden at step five of proving that there are other jobs that [she] can perform." *Id*. at 16.

The Court agrees with the Commissioner that the State agency psychologists' notation, that Plaintiff experienced up to moderate limitations in mental functioning, was not the ultimate opinion that the ALJ was required to weigh. *See* Ans. Br. at 7-11.  Rather, the ultimate opinions of Plaintiff's limitations appear in the "Findings of Fact and Analysis of Evidence" and "Additional Explanation" sections of the Disability Determination Explanation (DDE).  *See* Tr. 99 ("Claimant appears capable of simple work with low public contact");  Tr. 104 ("[a]ppears able to persist at tasks that can be learned in up to three months on the job with occasional public contact"); and Tr. 135 ("initial decision limiting [claimant] to simple work [with] low public contact appears correct").  Both the ALJ's RFC

---

[3]Ms. Higbee asserts that the same limitation findings of the state psychologists were endorsed in the assessment of treating psychologist Bruce Johns, PhD.

assessment (Tr. 23) and his hypothetical question to the vocational expert (Tr. 87) reflect that the ALJ considered the forgoing State agency psychologists' opinions.

Because the State agency psychologists' ultimate opinion as to Plaintiff's mental functional capacity for work is found in what would be Section III of the Mental RFC form, Plaintiff's position, that the ALJ did not take into account the findings in what would be Section I is without merit. *See Sullivan v. Colvin*, 519 F. Appx. 985, 989 (10th Cir. 2013)(citing the agency's Program Operations Manual System (POMS) DI 24510.060 and rejecting the plaintiff's argument that the ALJ erred in not mentioning the moderate limitations on performance indicated in Section I of the mental RFC form where the ALJ relied on the State agency's ultimate opinion in Section III); *see also Cagle v. Colvin*, No. Civ-12-494-F, 2013 WL 3974100, at *5-7 (W.D. Okla. July 31, 2013)(and authority cited therein).

### 2. Consultative examiner Dr. DeBerard

In his summary, Dr. DeBerard stated that it was "reasonable to assume [Plaintiff] could have episodes where she would feel threatened and may lash out at others," "reasonable to assume some significant irritability with others when she feels threatened," and that Plaintiff's "ability to tolerate normal work stress would probably be moderately-impaired due to her anxiety and depression symptoms". ( Tr. 382). Plaintiff complains that "[w]hen the ALJ summarized Dr. DeBerard's evaluation, ... problems with social interaction with coworkers were not discussed." Op. Br. at 16. *See also, id.* at 17.

The ALJ gave "great weight" to Dr. DeBerard's opinion that Plaintiff "would probably function better in a lower public contact type of job setting" (Tr. 382), and limited Plaintiff's RFC to only occasional job-related contact with the general public (Tr. 23). Although, the

ALJ did not include Dr. DeBerard's assessment that Plaintiff may lash out and experience significant irritability with others when she feels threatened, he inquired of the vocational expert about the issue.

> Q The Claimant has testified to having conflicts with coworkers and supervisors here. If we were to say only occasional job contact with supervisors and coworkers, would it impact any of these three jobs?
>
> A I don't believe so you honor.

(Tr. 90). The Court agrees with the Commissioner that any error was harmless because the additional limitations would have no bearing on the outcome and Plaintiff, therefore, was not prejudiced.[4] Plaintiff's similar argument regarding evidence submitted by Dr. Johns is, likewise, rejected. See Op. Br. at 15.

### 3. Treating psychologist Dr. Johns

Dr. Johns noted moderate impairments in Plaintiff's ability to (1) accept instructions and respond appropriately to criticism from supervisors, (2) get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and (3) in maintaining socially appropriate behavior. Tr. 521-22. Plaintiff asserts that by not addressing these limitations the ALJ has rejected them without explanation.

Ms. Higbee's contention that the ALJ improperly failed to address mental limitations regarding social interaction assessed by Dr. Johns is rejected generally for the reasons

---

[4] Under a separate heading in her brief Plaintiff argues that "[t]he ALJ fails to properly weigh opinion evidence from consultative psychologist, M. Scott DeBerard, Ph.D." Op. Br. at 16. In that section Plaintiff sets forth essentially the same argument which the Court now rejects, and the Court will not address it under a separate heading that corresponds to Plaintiff's outline.

:

outlined by the Commissioner. *See* Ans. Br. at 14-17. As noted therein, *see id*. ,the ALJ gave only "partial weight" to Dr. Johns' opinion, finding that it was inconsistent with the medical evidence of record and was brief, conclusory, and unsupported. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987)(a treating physician's report may be rejected if it is brief, conclusory, and unsupported by medical evidence).

### C. VE's Testimony and the Dictionary of Occupational Titles

Lastly, Plaintiff contends that the ALJ did not comply with SSR 00-4p, 2000 WL 1898704, which requires an ALJ to resolve apparent conflicts between a VE's testimony and the Dictionary of Occupational Titles (DOT). Plaintiff observes that "[i]n the hearing, the ALJ tells the VE that the DOT does not describe the sit/stand option, and asks for an explanation from the VE about this. (Tr. 91). The ALJ does not ask the VE whether there are any other inconsistencies between the testimony of the VE and jobs/information contained in the DOT." Op. Br. at 18. Without citation, Plaintiff urges that one inconsistency is that the DOT "presumes that an individual will be on task when working and does not describe or address an individual being off task up to 15% of the workday". *Id.*

Plaintiff's suggestion that there is an unresolved conflict between the vocational expert's testimony and the DOT is rejected. The Commissioner notes that the DOT entries for the occupations identified by the vocational expert include no reference to the amount of time an individual could be off task while performing those jobs.[5] When the DOT is silent as to a non-exertional limitation, the inclusion of such a limitation within a claimant's

---

[5] For the relevant citations, see Ans. Br. at 19.

RFC does not create a conflict about which the ALJ is obligated to inquire. *See Anderson v. Colvin*, No. 2:13cv00108, 2014 WL 1255318, at *9 (D. Utah Mar. 26, 2014)(unpublished)(citing *Zblewski v. Astrue*, 302 F. Appx. 488, 494 (7th Cir. 2008)("[b]ecause the DOT does not address the subject of sit/stand options, it is not apparent that [testimony based on a sit/stand restriction] conflicts with the DOT"). *See also,* Ans. Br. at 19-20 (and authority cited therein).[6] Although Plaintiff asserts that there may be other discrepancies, she fails to identify a single one. *See Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009)(ALJ's failure to question the vocational expert about conflicts between the expert's testimony and the DOT was harmless where no conflict existed). The Court, therefore, agrees with the Commissioner that "because there was no apparent conflict between the DOT and the VE's testimony, the ALJ had no duty to inquire as to whether a conflict existed." Ans. Br. at 20.

## IV. CONCLUSION

The Court concludes that the Commissioner's decision, that Plaintiff was not disabled within the meaning of the Social Security Act, is supported by substantial evidence of record and is not the result of any legal error which has been brought to the Court's attention.

Therefore, based on the foregoing reasons as well as the Commissioner's opposing memorandum, Plaintiff's Complaint is dismissed and the Commissioner's decision to deny

---

[6] The Court agrees with the Commissioner that while the cited cases generally address the sit/stand option, the analysis is applicable to non-exertional mental limitations. *See* 20 C.F.R. § 404.1569a(c)(non-exertional limitations affect a claimant's ability to meet the demands of jobs other than the strength demands, including mental limitations).

Ms. Higbee's applications for Social Security benefits is affirmed.

IT IS SO ORDERED.

DATED this 26th day of February, 2015.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT